People v DeSabato (2020 NY Slip Op 51011(U))

[*1]

People v DeSabato (Anthony)

2020 NY Slip Op 51011(U) [68 Misc 3d 133(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2018-1930 S CR

The People of the State of New York,
Respondent,
against
Anthony DeSabato, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of conviction of the District Court of Suffolk County, Traffic and
Parking Violations Agency (Martin J. Kerins, J.H.O.), rendered June 26, 2018. The judgments
convicted defendant, upon his failure to appear at a trial, on charges of driving on the shoulder
and unlicensed operation of a motor vehicle, respectively.

ORDERED that the judgments of conviction are reversed, on the law, the fines, if paid, are
remitted, and the matter is remitted to the District Court of Suffolk County, Traffic and Parking
Violations Agency, for all further proceedings.
The People charged defendant, in simplified traffic informations, with driving on the
shoulder (Vehicle and Traffic Law § 1131) and unlicensed operation of a motor vehicle
(Vehicle and Traffic Law § 509 [1]), respectively. Defendant pleaded not guilty. When
defendant and his attorney failed to appear for the scheduled trial on June 26, 2018, the court
entered judgments on default against defendant without conducting a trial, and sentenced
defendant to fines. On appeal, defendant contends, among other things, that the default
judgments are improper. We agree.
While Vehicle and Traffic Law § 1806-a (1) permits "a default judgment of a fine" to
be entered against a defendant who has been charged with a traffic infraction but fails to "answer
within the time specified," the statute expressly provides that "[w]hen a person has entered a plea
of not guilty and has demanded a hearing, no fine or penalty shall be imposed for any reason,
prior to the holding of the hearing which shall be scheduled by the traffic and parking violations
agency." As defendant pleaded not guilty to the charges and requested a trial, and since no trial
was held before the court entered the judgments, the judgments must be reversed (see People v Cucceraldo, 64 Misc 3d
30 [App Term, 2d Dept, 9th & 10th Jud Dists 2019], lv granted 34 NY3d 979
[2019]; People v Iverson, 63 Misc
3d 163[A], 2019 NY Slip Op 50930[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2019], lv granted 34 NY3d 981 [2019]; People v Cole, 63 [*2]Misc 3d 149[A], 2019 NY Slip Op 50729[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2019]; People
v Hernandez, 62 Misc 3d 9 [App Term, 2d Dept, 9th & 10th Jud Dists 2018], lv
denied 33 NY3d 1032 [2019]).
In view of the foregoing, defendant's remaining contentions have been rendered academic
(see People v Iverson, 63 Misc 3d
163[A], 2019 NY Slip Op 50930[U]).
Accordingly, the judgments of conviction are reversed and the matter is remitted to the
District Court of Suffolk County, Suffolk County Traffic and Violations Agency, for all further
proceedings.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020